UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BROWN,

    Petitioner,

v.

Case No. 2:15-cv-12074

HONORABLE STEPHEN J. MURPHY, III

DUNCAN MACLAREN,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Kevin Brown is a prisoner at the Kinross Correctional Facility in Kincheloe, Michigan. He seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Brown challenges his conviction for second-degree murder, M.C.L.A. 750.317; assault with intent to commit murder, M.C.L.A. 750.83; felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**BACKGROUND**

Direct review of Brown's conviction ended in the Michigan courts on November 29, 2006, when the Michigan Supreme Court denied Brown leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Brown*, 477 Mich. 951 (2006).

In 2006 and 2007, Brown filed several motions with the trial court, including motions to produce records, for discovery, and for expanding the record. The trial court denied the

1

motions on February 8, 2007 and September 4, 2007. Brown filed an application for leave to appeal the denial of the February 8, 2007 order, which was denied. *People v. Brown,* No. 276527 (Mich. Ct. App. Oct. 8, 2007); *lv. den.* 480 Mich. 1077 (2008).

Brown filed a post-conviction motion for relief from judgment with the trial court on November 16, 2012, which was denied. *People v. Brown,* No. 04-012409-01-FC (Wayne Cty. Cir. Ct., Feb. 14, 2013). The Michigan appellate courts denied Brown leave to appeal from the denial of the post-conviction motion. *People v. Brown,* No. 317159 (Mich. Ct. App. Dec. 9, 2013); *lv. den.* 496 Mich. 864 (2014), *reconsideration den.* 497 Mich. 872 (2014).

On June 4, 2015, Brown filed a second motion for relief from judgment with the trial court, which was denied. *People v. Brown,* No. 04-012409-01-FC (Wayne County Circuit Court, August 15, 2015). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Brown,* No. 329146 (Mich.Ct.App. December 16, 2015). There is no indication that Brown filed an application for leave to appeal to the Michigan Supreme Court.

Brown's habeas petition is signed and dated May 29, 2015.[1] Brown seeks habeas relief on the following grounds:

> I. Petitioner was denied his VI and XIV constitutional rights where the prosecution suppressed evidence by violating MCR 6.201(B)(2) and allowing false testimony.
>
> II. Petitioner was denied his VI XIV constitutional amendment right to the effective assistance of appellate counsel on his appeal of right.
>
> III. Newly discovered evidence.

## DISCUSSION

---

[1] Under the prison mailbox rule, the Court assumes that the petition was filed on May 29, 2015, the date that it was signed and dated. *See Towns v. United States,* 190 F. 3d 468, 469 (6th Cir. 1999).

I.      Statute of Limitations

Respondent contends that Brown's first and second claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Under Section 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Brown's direct appeal of his conviction ended when the Michigan Supreme Court denied him leave to appeal on November 29, 2006, following the affirmance of his

3

conviction by the Michigan Court of Appeals on direct review. His conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on February 27, 2007, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Brown had until February 27, 2008 to file his habeas petition in compliance with the one year limitations period.

Brown filed his first motion for relief from judgment on November 16, 2012, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n.1 (6th Cir. 2002). Brown's second motion for relief from judgment, which was also filed in the state court after the expiration of limitations period, likewise did not toll the limitations period. *See Parker v. Renico,* 105 F. App'x 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001). Brown's first two claims are therefore untimely.

Brown's ineffective assistance of appellate counsel claim in his first post-conviction motion does not re-start the one year limitations process anew. A motion for state post-conviction review that alleges ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. *See Allen v. Yukins,* 366 F. 3d 396, 401 (6th Cir. 2004); *see also McClendon v. Sherman,* 329 F. 3d 490, 493 (6th Cir. 2003). Because the limitations period had expired by the time that the post-conviction motion was filed, the fact

that Brown alleged the ineffective assistance of appellate counsel in this motion would not revive the statute of limitations.

Furthermore, Brown filed several motions for the production of transcripts and documents and to expand the record in 2006 and 2007. His motion for the production of transcripts and documents does not qualify as an application for post-conviction or collateral review and does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Johnson v. Randle,* 28 F. App'x 341, 343 (6th Cir. 2001); *accord May v. Workman,* 339 F.3d 1236, 1237 (10th Cir. 2003); *Lloyd v. VanNatta,* 296 F.3d 630 (7th Cir. 2002); *Hodge v. Greiner,* 269 F.3d 104, 107 (2d Cir. 2001). Even if these motions could be construed as a post-conviction motion within the meaning of § 2244(d)(2), any tolling would have ended on February 19, 2008, when the Michigan Supreme Court denied petitioner's appeal from the denial of these motions.[2] Brown would have had one year from that date to either file his habeas petition with this Court or a post-conviction motion for relief from judgment. Because Brown did not file his first post-conviction motion for relief from judgment until November 16, 2012, his first two claims are untimely.

In addition, Brown claims that he has newly discovered evidence in the form of an affidavit signed by an Oris Floyd, signed May 6, 2015. Brown claims that Oris Floyd is the man referred to as Otis Floyd in several of the police reports and referenced to at trial. In his affidavit, Floyd claims that he "did not see or know anything concerning the defendant

---

[2] The one year limitations period would not be tolled further under § 2244(d)(2) during the pendency of a petition for writ of certiorari to the United States Supreme Court which seeks review of the denial of state post-conviction relief, or the time during which a petitioner could seek certiorari review of the denial of his state post-conviction motion. *See Lawrence v. Florida,* 549 U.S. 327, 329 (2007).

5

running from a house on the day in question."

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005).

The Sixth Circuit suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F.3d 364, 373-74 (6th Cir. 2007) (§2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); *see also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir. 2006) (holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis. But in *Pace v. DiGuglielmo,* 544 U.S. 408, 416, n.6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A) (date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), §2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period. The Court is therefore required to evaluate each of petitioner's claims separately

to determine whether the provisions of § 2244(d)(1)(D) would render any, or all, of the claims timely.

The allegedly newly discovered evidence of Floyd's affidavit has no connection to Brown's first and second claims. Because petitioner's first and second claims do not rest upon the newly discovered evidence of the affidavit, this evidence cannot constitute a "factual predicate" for petitioner's first and second claims, as defined by § 2244(d)(1)(D). Thus, the claims are time-barred, regardless of whether the affidavit would constitute newly discovered evidence with respect to Brown's third claim. *Ege,* 485 F. 3d at 373.[3]

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and

---

[3]Brown does not argue that the commencement of the limitations period should be delayed for his first and second claims. To the extent that Brown argues as part of his first claim that the prosecutor withheld evidence of the existence of Floyd, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Floyd's affidavit would not delay the commencement of Brown's first claim pursuant to § 2244(d)(1)(D). Officer Anderson testified at trial that a Mr. Otis Floyd gave him information that lead him to the location where the guns were found. Officer Anderson also gave Floyd's correct address. (Tr. 3/9/05, pp. 15-16). The difference between Floyd's first name, Otis v. Oris, is insufficient to delay the running of the limitations period where petitioner knew his last name and address at trial. The commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until petitioner's alleged discovery of the factual predicate for his *Brady* claim, in light of the fact that Brown was aware of this information prior to or at the time of his trial. See *Whalen v. Randle,* 37 F. App'x 113, 119 (6th Cir. 2002). Moreover, Brown had a copy of Officer Hull's report containing Floyd's statement that he had witnessed the suspect running north from the garage by the time petitioner filed his motion for discovery in August of 2007. The appeal from the denial of his motion for discovery ended on February 19, 2008. Because Brown did not file his habeas petition or his first state post-conviction motion within one year of obtaining Officer Hull's report, Brown's first claim is still untimely, because Brown failed to file his petition or his state post-conviction motion within the one-year limitations period set forth in § 2244(d)(1)(D). See *Souter v. Jones,* 395 F. 3d 577, 587-88 (6th Cir. 2005).

(2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.* Brown is not entitled to equitable tolling of the one year limitations period, because he has failed to argue or show that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Brown's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Brown claims to have newly discovered evidence from Floyd's affidavit, in which

Floyd claims that he did not see Brown running away from a house on the day in question. Brown claims that the affidavit would somehow exculpate him of the shooting.

Brown's purported evidence here is insufficient to establish his actual innocence so as to justify the tolling of the one year limitations period. There is no evidence concerning the authenticity of Floyd's affidavit, the motivation of the affiant, the circumstances of the affidavit's execution, the timing of its submission, or its consistency with other evidence in the trial record for the affidavit to qualify as an "extraordinary case" in which tolling of the limitations period based on a claim of actual innocence is appropriate.

Moreover, to the extent that Floyd's affidavit would be considered a "recantation" of the statement that he made to the police on the day of the shooting, in which he claimed that he saw the shooter running north from a garage, Floyd's affidavit is insufficient to establish petitioner's innocence, so as to toll the limitations period. Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991) *See also Byrd v. Collins,* 209 F.3d 486, 508, n.16 (6th Cir. 2000). Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup,* 513 U.S. at 332.

Floyd did not sign his affidavit until May 6, 2015, which was more than ten years after Brown was convicted. The purported affidavit does not offer any convincing explanation as to why Floyd waited more than ten years to "recant" any previous statements to the police. *See Lewis v. Smith,* 100 F. App'x 351, 355 (6th Cir. 2004) (proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 874 (E.D. Mich. 2010)

9

(long-delayed affidavit of accomplice recanting statement to police did not establish petitioner's actual innocence where it was made almost two years after petitioner's trial).

Floyd's affidavit likewise is not compelling evidence of actual innocence to excuse the late filing of Brown's first two claims. Although Floyd allegedly claims that he did not see Brown running from the house on the day in question, Floyd does not claim that he saw the actual shooting, so he cannot state with certainty that Brown did not participate in the shooting. Because Floyd's affidavit does not eliminate the possibility that Brown was involved with the shooting outside of Floyd's presence, his affidavit is insufficient to demonstrate actual innocence. *See Allen v. Yukins*, 366 F.3d at 405.

Finally, Floyd's affidavit is inconsistent with testimony at trial that Brown admitted to the police that he was not only present at the crime scene, but shot at the victim and at Mathis, the intended victim, albeit in self-defense. (Tr. 3/9/05, pp. 47-48). Any actual innocence exception is inapplicable in light of Brown's confession. Brown's claim that he acted in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See e.g. Harvey v. Jones,* 179 F. App'x 294, 298-99 (6th Cir. 2006) (collecting cases). Brown's first and second claims are barred by the statute of limitations.

II.  Newly Discovered Evidence of Actual Innocence

In his third claim, Brown claims that he has newly discovered evidence of actual innocence in the form of Floyd's affidavit. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit

10

to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.; see also McQuiggin,* 133 S. Ct. at 1931 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007) (collecting cases).

Moreover, the Supreme Court's subsequent decision in *House v. Bell*, 547 U.S. 518 (2006) does not alter the Court's adjudication of Brown's claim, because the Supreme Court again declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence. *Id.* at 554-55. Although the Supreme Court in *House* noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," *id.* (quoting *Herrera,* 506 U.S. at 417), the Supreme Court has declined to recognize a freestanding innocence claim outside of the death penalty context. Petitioner is therefore is not entitled to relief for his third claim under available Supreme Court precedent. *See Wright v. Stegall*, 247 F. App'x 709, 711 (6th Cir. 2007). Brown's freestanding actual innocence claim, based solely on an affidavit that was executed a decade after trial and was offered without adequate explanation as to the delay, does not entitle him to habeas relief. *Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 2357 (2015). Petitioner is not entitled to relief on his third claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this

11

Court, the Court must determine whether petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. "The district court must issue or deny a certificate of appealability when

12

it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Brown has not made a substantial showing of the denial of a constitutional right with respect to his claim. *See* 28 U.S.C. § 2253(c)(2). Brown should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## ORDER

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (document no. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2016, by electronic and/or ordinary mail.

                                                s/Carol Cohron
                                                Case Manager