UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BROWN,

    Petitioner,

v.

Case No. 2:15-cv-12074

HONORABLE STEPHEN J. MURPHY, III

DUNCAN MACLAREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING
THE RULE 60 MOTION FOR RELIEF FROM
JUDGMENT** (document no. 15) **AND DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

On March 30, 2016, the Court denied the petition for writ of habeas corpus that had been filed by Mr. Brown pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, and denied petitioner leave to appeal *in forma pauperis*. *Brown v. Maclaren*, No. 2:15-cv-12074, 2016 WL 1242435 (E.D. Mich. Mar. 30, 2016). On April 28, 2016, Mr. Brown filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. ECF No. 13.

Mr. Brown has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and (d). ECF No. 13. For the reasons that follow, the Court will deny the motion.

The Court lacks jurisdiction to consider Mr. Brown's Rule 60 motion for relief from judgment because petitioner has filed a notice of appeal in the case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of*

1

*Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(per curiam)). "After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008). "If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief." *Id.* (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n.1 (6th Cir. 2001)); *see* Fed. R. Civ. P. 62.1(a); Fed. R. App. P. 12.1.

The Court would not grant Mr. Brown's motion for relief from judgment, even if had jurisdiction over the motion.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion

"merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. Mr. Brown claims in his Rule 60(b) motion that the Court erred in finding that his first and second claims were barred by the one year statute of limitations and that petitioner failed to use due diligence to discover the factual predicate for these claims.

Petitioner's motion, which argues that the Court misapplied the federal statute of limitations set out in 28 U.S.C. § 2244(d), constitutes a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition. *See Gonzalez,* 545 U.S. at 533; *See also Kuenzel v. Allen*, 880 F. Supp. 2d 1205, 1212–13 (N.D. Ala. 2011) (petitioner's claim that district court erred in ruling that petitioner had failed to offer sufficient evidence of actual innocence to toll limitations period was a procedural "mistake" that could be addressed in 60(b) motion).

A motion for relief from judgment, however, that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his first federal habeas proceeding, lose those arguments, then raise the

same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

The arguments made by Mr. Brown in his Rule 60(b) motion were all raised by him in his petition and reply to respondent's answer and considered and rejected by the Court in the opinion and order denying habeas relief. The Court will deny petitioner's Rule 60(b) motion because petitioner is merely using the motion to relitigate the merits of his claims. *See Miles,* 90 Fed. Appx. at 458.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. Fed. R. App. P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a

substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F.3d 924, 926, n.1 (6th Cir. 2007).

Mr. Brown is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that the Court's procedural ruling was incorrect. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Petitioner's Rule 60 Motion for Relief From Judgment (document no. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal in forma pauperis.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 6, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager